## A99A0291. WIMBERLY v. THE STATE.
(508 SE2d 699)

McMURRAY, Presiding Judge.

The record in this appeal shows that appellant was arrested for theft by deception and that he has been incarcerated since his arrest. By order entered on June 10, 1998, the trial court set bond at $50,000. On August 18, 1998, appellant filed a pro se notice of appeal, referencing his arrest for theft by deception and the bond having been set at "55 thousand dollars."

If the trial court's order in this case were directly appealable, appellant's appeal would have to be dismissed as untimely, because the notice of appeal was not filed within 30 days after entry of the order setting bond. OCGA § 5-6-38 (a). However, the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) are required to obtain review of an order denying or setting pretrial bond. See, e.g., *Howard v. State*, 194 Ga. App. 857 (392 SE2d 562) (1990). Because of appellant's failure to comply with those requisite interlocutory procedures, this direct appeal must be dismissed for lack of jurisdiction.

*Appeal dismissed. Andrews, C. J., and Ruffin, J., concur.*

DECIDED OCTOBER 28, 1998 —
RECONSIDERATION DISMISSED NOVEMBER 20, 1998.

Henry J. Wimberly, Jr., *pro se.*
*Daniel J. Porter, District Attorney*, for appellee.